THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALDEMAR GONZALEZ-VASQUEZ,<br><br>Defendant. | Crim. No. 96-0035-5 (ADC) |

**OPINION AND ORDER**

Before the Court is defendant Waldemar Gonzalez-Vasquez's ("defendant") motion to reduce sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF No. 734**. For the reasons below, defendant's motion is **DENIED**

In 2010, Congress enacted the Fair Sentencing Act to raise the threshold quantities of crack cocaine required to trigger harsher mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See also United States v. Concepción*, 991 F.3d 279, 283 (1st Cir. 2021) (stating Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand").

However, the Fair Sentencing Act did not apply retroactively, to defendants sentenced prior to August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Thus, Congress enacted the First Step Act in 2018. *See* First Step Act of 2018, Pub. L. 115-391 (2018). Under that statute:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government,

or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010… were in effect at the time the covered offense was committed.

*Id.* at § 404(b). Thereby, the First Step Act effectively made the Fair Sentencing Act permissibly retroactive by giving courts discretion[1] to resentence defendants convicted of covered offenses and sentenced prior to August 2010.

Still, Courts are not mandated to reduce any sentence by the First Step Act – instead, the Act grants Courts the discretion to either grant or deny such reductions. *Id.* at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."). Thus, in an exercise of that discretion, the Court denies defendant's motion to reduce sentence based on the following factors:

Defendant was convicted of conspiring to distribute more than five kilograms of cocaine, crack cocaine and heroin, and of distributing cocaine at the Luis Palés Matos housing project in Guayama, Puerto Rico. **ECF No. 704-1**. Evidently, defendant's extensive drug activity was not limited to crack cocaine. *Id.* Defendant was held accountable for an amount of drugs equivalent to 106,000 kilograms of marihuana.[2] *Id.*

Furthermore, there is evidence that defendant "provided drugs to the distribution point," and was a triggerman for the drug trafficking conspiracy. *United States v. Gonzalez-Vazquez*, 219 F.3d 37, 41 (1st Cir. 2000). Plus, he dealt drugs near a public school. *Id.* at 40; **ECF No. 704-1**.

---

[1] *See id.* ("A court … *may* … impose a reduced sentence …" (emphasis added)); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").

[2] The Court reached this amount after converting the weights for the various narcotics attributed to defendant.

Importantly, if the Court were to resentence defendant today, he would likely receive the same sentence. *See* **ECF No. 738** at 4.

In light of the above, the Court in its discretion declines to reduce defendant's sentence.

**I.     Conclusion**

Based on the above, defendant's First Step Act motion (**ECF No. 734**) is **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 5th day of October, 2022.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**